UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| PETER MYERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:25-cv-00003-SNLJ |
| ) | |
| FEDEX CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the plaintiff's Motion to Compel, filed on August 13, 2025. [Doc. 19]. Plaintiff submitted First Interrogatories and a Request for Production of Documents to the defendant on May 27, 2025. [Docs. 19 at ¶ 3, 19-1]. Responses to the discovery were due by June 26, 2025, but the defendant requested a 30-day extension to respond. [Doc. 19-2]. Plaintiff agreed to a 15-day extension, making responses due by July 11, 2025. [Docs. 19 at ¶ 4, 19-2 at 2-3]. On the due date, the defendant submitted objections to the discovery but did not provide answers. [Docs. 19 at ¶ 5, 19-3, 19-4].

Plaintiff now seeks an order requiring the defendant to fully respond to the discovery requests without objections or a protective order. [Doc. 19]. Plaintiff contends that the extension to respond to the discovery requests was only for answering, not for objecting. [Docs. 19 at ¶ 4, 19-4]. Defendant has not filed a response to the motion to compel, and the deadline to do so has passed. *See* E.D.Mo. L.R. 4.01(B).

Federal Rule of Civil Procedure 37(a)(3)(B) permits a party seeking discovery to file a motion for an order to compel if a party "fails to answer an interrogatory submitted under Rule 33" or "fails to produce documents...as requested under Rule 34." Rule 37 requires "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. Proc. 37(a)(1). Additionally, Local Rule 3.04 provides:

> The Court will not consider any motion relating to discovery and disclosure unless it contains a statement that movant's counsel has conferred in person or by telephone with the opposing counsel in good faith or has made reasonable efforts to do so, but that after sincere efforts to resolve their dispute, counsel are unable to reach an accord. This statement also shall recite the date, time and manner of such conference, and the names of the individuals participating therein, or shall state with specificity the efforts made to confer with opposing counsel.

E.D.Mo. L.R. 3.04

The Court finds that the plaintiff fails to demonstrate a good faith, reasonable, and sincere effort by his counsel to resolve the discovery dispute with opposing counsel as mandated by Local Rule 3.04. On July 11, 2025, plaintiff's counsel sent an email to defense counsel's paralegal stating: "I gave you an extension of time to answer not object. Please answer my discovery or I will be forced to file a motion to compel." [Doc. 19-4]. On July 30, 2025, plaintiff's counsel's paralegal sent an email to defense counsel and his paralegal stating, "Following up regarding discovery answers. (See below)." [Doc. 19-5]. The email to "see below" was the July 11, 2025 email. [*Id.*]. The only other communication related to the discovery dispute is a voicemail message that

2

plaintiff's counsel left for defense counsel on August 11, 2025. [Doc. 19 at ¶ 7]. No information regarding this voicemail message has been provided to the Court.

Although the plaintiff's efforts to resolve the discovery dispute fall short, more significant is the lack of progress in this case caused by the defendant's failure to answer discovery. With that in mind, the Court will not deny the motion to compel for failure to comply with Local Rule 3.04. Instead, the Court will hold the motion to compel in abeyance and order counsel to confer within seven days in a good-faith effort to resolve the discovery dispute. Additionally, counsel shall file a joint status report within ten days regarding the status of the discovery dispute. The report shall include the information required by Local Rule 3.04. After the report is filed, the Court will rule on the motion.

Additionally, after ruling on the motion to compel, the Court will take up the plaintiff's motion to amend the case management order. [Doc. 20]. The Court finds good cause for the motion and orders the parties to file a joint proposed amended case management order within ten days. The proposed order shall include the parties' available dates for a trial setting in September and October 2026.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Compel [Doc. 19] is **HELD IN ABEYANCE**.

**IT IS FURTHER ORDERED** that counsel shall confer in an effort to resolve the discovery dispute within seven days.

**IT IS FURTHER ORDERED** that counsel shall file a joint status report within ten days reporting the status of the discovery dispute. The report shall include the information required by Local Rule 3.04.

**IT IS FINALLY ORDERED** that the parties shall file a joint proposed amended case management order within ten days. The proposed order shall include the parties' available dates for a trial setting in September and October 2026.

**SO ORDERED** on this 2nd day of September, 2025.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE